**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KULWINDER JIT SINGH PARHAR, AKA Kulwinder Singh, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-72395 Agency No. A027-563-285 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Kulwinder Jit Singh Parhar, a native and citizen of India, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen deportation proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir.

---

  *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2016).  We deny in part and dismiss in part the petition for review.

Singh Parhar does not raise, and therefore waives, any challenge the agency's denial of his motion as untimely and number barred.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  We lack jurisdiction to consider Singh Parhar's unexhausted contentions regarding sua sponte reopening.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (generally requiring exhaustion of claims).

Singh Parhar's contention that the agency lacked jurisdiction under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), also fails.  *See* 8 U.S.C. § 1252(b) (1986) (deferring to regulations to establish requirements to provide notice of the deportation proceedings); 8 C.F.R. § 242.1(b) (1986) (not requiring the time or place at which proceedings will be held to be included in the order to show cause); *see also Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020) (omission of certain information from notice to appear can be cured for jurisdictional purposes by later hearing notice).

On June 25, 2019, the court granted a stay of removal.  The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**